## IN THE MATTER OF QUALIFICATIONS OF VOTERS.

OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE
CABINET.

The offense of felonious branding of cattle was committed by J. K. previous
   to the promulgation of the Constitution of 1887.   This offense is
   enumerated in the 73d Article of the Constitution of 1887 as one that
   disqualifies the offender from voting, and renders him ineligible to
   holding office under the Government.

Held:   That this Article of the Constitution does not apply to instances
   of this offense, committed previous to the date of this Constitution;
   this offense not being mentioned as operating to disqualify J. K.
   under the Constitution of 1864, which was in force at the time his
   offense was committed.

Held:   That the term "other high crimes and misdemeanors," which
   work disqualification of voters and office holders under the 73d Arti-
   cle of the Constitution of 1864, does not include "felonious branding
   of cattle," it not being a felony.

DEPARTMENT OF THE JUDICIARY,
HONOLULU, H. I., January 12, 1892.

*To Her Majesty's Cabinet:*

GENTLEMEN :   The question upon which the opinion of the
Justices of the Supreme Court is requested by you in your let-
ter of the 7th instant is, as stated by you, as follows :

### Question.

On the 13th June, 1882, one J. Kekaula was convicted before
the District Court of Kau of the offense of felonious branding of
cattle and was fined $10, which fine was paid.   Since said con-
viction, said J. Kekaula has been a resident and has voted at
all elections for Representatives in the said District of Kau.
He has not received a pardon restoring to him his civil rights.

Under Article 75 of the Constitution of 1864, said J. Kekaula
was not deprived of his civil rights, and was eligible to offices of

trust, honor and profit. But under Article 73 of the Constitution of 1887, a conviction of the offense of felonious branding of cattle is among the offenses named which constitute a bar for such convicted person to vote or sit in the Legislature.

Question 1. Under the above circumstances, can J. Kekaula vote at the coming election, he being otherwise duly qualified ?

Question 2. Under the above circumstances, is the said J. Kekaula eligible to offices of trust, honor and profit, the offense of which he was convicted having been committed five years prior to the promulgation of the Constitution of 1887 ?

---

Upon the above stated case, we have the honor to answer :

(1). The specified prescription in Article 73 of the Constitution of 1887, making a conviction for the felonious branding a disqualification from civil rights, cannot be applied to instances of this offense committed previously to the date of this Constitution, for it would be *ex post facto* legislation.

(2). If Kekaula now lies under disqualifications, it must be pursuant to the provisions of Article 73 of the Constitution of 1864. It is stated in the letter of Your Excellencies that he was not disqualified thereunder. We beg to be permitted to say that while the result of our consideration of the scope of this article accords with this expressed opinion, there is involved in the construction of the article a question which requires judicial settlement. This earlier article, after specifying five offenses, *i.e.*, theft, bribery, perjury, forgery and embezzlement, the conviction of any of which disqualifies from holding any office of honor, trust or profit under the Government, adds " or other high crime or misdemeanor," thus classifying these five offenses as " high crimes and misdemeanors." Crimes are made synonymous with felonies by our statute, and are such offenses as are punishable with death, or imprisonment for a longer term than two years, or by the forfeiture of civil or political rights ; also theft. All other offenses are misdemeanors. We find, however, that " high misdemeanors " do not belong to that class of offenses called misdemeanors, but, according to the common law authorities, are misprisions—a higher grade of offenses than

misdemeanors—and which were of a public character and in-dictable at common law. (1 Russell on Crimes, 79–80; 4 Wen-dell's Blackstone, 121; Coke, 3d Inst., 36.) In some cases per-sons charged with felony were, under the artificial and arbitrary subterfuges of the common law, relieved of the charge of felony and proceeded against for a high misdemeanor. (4 Wendell's Blackstone, 119.) It will be seen, therefore, that high misde-meanors were offenses of public importance, and were sometimes felonies, or closely related thereto.

As our law only recognizes felonies and misdemeanors, high misdemeanors must be classed as felonies, which conclusion we adopt. With this understanding, the Constitution of 1864, which follows the Constitution of 1852 on this point, provides that a conviction of felony disqualifies one from holding office under the Government. Felonious branding of cattle being only a misdemeanor, J. Kekaula is not affected by the Constitu-tion of 1864.

We are therefore of the opinion that he is not disqualified from voting, nor ineligible for election or appointment to Gov-ernment office.

A. F. JUDD,
L. McCULLY,
RICH. F. BICKERTON,
SANFORD B. DOLE.